## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

LAMONT CHARLES THOMAS,

     Petitioner,                 Civil No. 04-75066-DT
                               HONORABLE VICTORIA A. ROBERTS
v.                            UNITED STATES DISTRICT JUDGE

RAYMOND BOOKER,

     Respondent,
_____/

### OPINION AND ORDER OF SUMMARY DISMISSAL

Lamont Charles Thomas, ("Petitioner"), presently confined at the Ryan Correctional Facility in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his application, filed *pro se*, Petitioner challenges his conviction for first-degree murder, M.C.L.A. 750.316; M.S.A. 28.548; possession of a firearm in the commission of a felony, M.C.L.A. 750.227b; M.S.A. 28.424(2); and being a fourth felony habitual offender, M.C.L.A. 769.12; M.S.A. 28.1084.  Respondent has filed a motion to dismiss, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1).  Petitioner has filed a response to the motion to dismiss.  For the reasons stated below, the Petition for Writ of Habeas Corpus is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 2244(d)(1).

### I.  Background

Petitioner was convicted of the above offenses by a jury in the Oakland County

1

Circuit Court and was sentenced on November 5, 1985.  Petitioner's direct appeals with

the Michigan courts ended on March 29, 1988, when the Michigan Supreme Court denied

him leave to appeal after the Michigan Court of Appeals affirmed his conviction. *People*

*v. Thomas,* No. 81137 (Mich.Sup.Ct. March 29, 1988).

The instant petition was filed with this Court on December 28, 2004.

## II.  Discussion

The Petition for Writ of Habeas Corpus must be dismissed because it has not been

filed within the one year statute of limitations.

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which was signed

into law on April 24, 1996, amended the habeas corpus statute in several respects, one of

which was to mandate a statute of limitations for habeas actions.  28 U.S.C. § 2244(d)

imposes a one-year statute of limitations upon petitions for habeas relief:

> (1)  A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State
> court.  The limitation period shall run from the latest of--
>
> (A)  the date on which the judgment became final by the conclusion of
> direct review or the expiration of the time for seeking such review;
> (B)  the date on which the impediment to filing an application created by
> State action in violation of the Constitution or laws of the United States is
> removed if the applicant was prevented from filing by such State action;
> (C)  the date on which the constitutional right asserted was originally
> recognized by the Supreme Court if the right has been newly recognized by
> the Supreme Court and made retroactively applicable to cases on collateral
> review; or
> (D)  the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.

2

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Grayson v. Grayson,* 185 F. Supp. 2d 747, 749 (E.D. Mich. 2002).

Petitioner's direct appeals with the Michigan courts were completed on March 29, 1988, when the Michigan Supreme Court denied his application for leave to appeal the affirmance of his conviction by the Michigan Court of Appeals.  Petitioner's conviction became final, for purposes of § 2244(d)(1), when the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000).  Petitioner's judgment therefore became final on June 27, 1988, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Grayson*, 185 F. Supp. 2d at 750.  However, because Petitioner's conviction became final prior to the April 24, 1996 enactment date of the AEDPA, petitioner had one year from this date to timely file a petition for habeas relief with the federal court. *Porter v. Smith*, 126 F. Supp. 2d 1073, 1074-75 (E.D. Mich. 2001).  Absent state collateral review, Petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than April 24, 1997 in order for the petition to be timely filed. *Id.* at 1075.  Because petitioner's habeas petition was not filed until over seven years later on December 28, 2004, the instant petition is untimely.

The sole contention raised by Petitioner in his answer to the motion to dismiss is that applying the provisions of the AEDPA to his conviction, which occurred prior to the enactment of the AEDPA, would be an improperly retroactive application of new

3

legislation.  The AEDPA was enacted on April 24, 1996.  Petitioner's application for habeas relief was filed after that date.  The application of the AEDPA to a habeas petition which was filed after the AEDPA's effective date, but which involves a crime and a conviction which predated the AEDPA, does not have an impermissible retroactive effect. *See Williams v. Bagley,* 380 F. 3d 932, 943 (6th Cir. 2004); *See also Hyatt v. United States,* 207 F. 3d 831, 832-33 (6th Cir. 2000)(application of the AEDPA's one year limitations period for bringing a motion to vacate sentence pursuant to 28 U.S.C. § 2255 was prospective, not retroactive, even though the defendant's conviction predated the enactment date of the AEDPA, where the defendant filed his motion to vacate after the effective date of the act).

The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F. 3d 1001, 1004 (6th Cir. 2001).  The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *She Jurado v. Burt,* 337 F. 3d 638, 642 (6th Cir. 2003).  Equitable tolling of the limitations period in this case is inapplicable, because Petitioner has failed to advance any arguments in his answer to the motion to dismiss in support of such tolling. *Grayson,* 185 F. Supp. 2d at 751.

Finally, although the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence, *see Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005), petitioner's case falls outside of the actual innocence tolling exception

4

enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005).

### III.  Conclusion

The Court will summarily dismiss the current petition, because it was filed outside of the one year limitations period contained in § 2244(d)(1).  The Court will also deny Petitioner a Certificate of Appealability.  28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge.  If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b).  To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U. S. 473, 484 (2000).  When a plain procedural bar is present and the

5

district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further.  In such a circumstance, no appeal would be warranted. *Id.*

The Court will deny Petitioner a Certificate of Appealability, because reasonable jurists would not find it debatable whether this Court was correct in determining that Petitioner had filed his habeas petition outside of the one year limitations period. *Grayson,* 185 F. Supp. 2d at 753.  The Court will also deny Petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## IV.   ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 22, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record and plaintiff by electronic means or U.S. Mail on May 22, 2006.

s/Linda Vertriest                          Deputy Clerk

6